364 P.2d 881

James A. DODSON, Plaintiff-Respondent,

v.

Roy STROSCHIEN, George Brewington, Arthur Leisy, Donald Schelman, Kenneth Westfall, individuals and as members of the Board of Trustees of *Aberdeen Independent* Class "A" School District No. 58; and Aberdeen Independent Class "A" School District No. 58, Defendants-Appellants.

No. 8965.

Supreme Court of Idaho.

Sept. 12, 1961.

Rehearing Denied Oct. 4, 1961.

Albaugh, Bloem & Smith, Idaho Falls, for appellants.

O. R. Baum, Ben Peterson, Isaac Mc-Dougall, Ruby Y. Brown, Pocatello, for respondent.

J. N. Leggat, Boise, amicus curiae.

McFADDEN, Justice.

Plaintiff Dodson, a school teacher by profession, was employed by the Aberdeen School District, as a high school teacher for the year 1958–1959. Prior to the Christmas vacation, Dodson was involved in an altercation with a student on the school grounds, and was discharged in January of 1959 by the Board of Trustees of the school district, because of such altercation. Dodson instituted this action for damages for balance due on his contract, and after verdict, judgment was rendered in his favor for the amount claimed due, against the district, and the trustees, individually and as members of the board. No question was presented by this appeal as to the judgment being against the trustees individually. No opinion is rendered concerning the propriety of such judgment other than to call attention to Bullock v. Joint Class "A" School District No. 241, 75 Idaho 304, 272 P.2d 292.

The school district and members of its Board of Trustees have appealed from the judgment. Their basic objection is that the trial court erred in admitting in evidence a copy of the Code of Fair Employment Practices for Teachers and Boards of Education of Idaho, (referred to as "School Code of Fair Practices"), and in instructing the jury on the theory that the defendant district had adopted such School Code of Fair Practices.

The authority of a Board of Trustees to discharge a teacher is to be found in the

provisions of I.C. § 33–714, subd. 7, as follows:

"The board of trustees of all school districts in the state of Idaho shall have power and it is its duty to:

"1. * * *

"7. Discharge teachers for continued neglect of duty or for breach of contract, but no teacher shall be discharged before the end of his or her term without a hearing in form and under the procedure to be prescribed by the state board of education."

The contract of employment provides inter alia:

"2. The Teacher agrees to enter upon and perform the services of a Teacher at the time and the places and for the duration prescribed by the District; to perform all duties of a Teacher faithfully and satisfactorily and as directed by the Board or by the agents of the Board when so directed and to comply with and abide by all pertinent statutes of the State of Idaho and such regulations as the State Board of Education may legally prescribe, which are hereby, by reference, incorporated in and made a part of this contract as though set forth herein at length. The Teacher may be removed for just cause as provided for in Section 33–714(7), Idaho Code."

I.C. § 33–1203 generally defines the duties of a teacher; I.C. § 33–714, subd. 2, authorizes the board of trustees to adopt regulations for the government of the district not inconsistent with the laws of the state or the regulations promulgated by the constituted authorities.

The "School Code of Fair Practices" is one proposed by the Idaho Education Association and Idaho School Trustees Associations. Neither of these associations is authorized to act for the statutory boards of education, state or local. The State Board of Education in 1931 adopted regulations for the procedures for dismissal of teachers, as set forth in Appendix "B" of Idaho School Laws, published in 1949, pursuant to I.C. § 67–1505. It has not adopted the proposed "School Code of Fair Practices".

■ The record failing to disclose adoption of any procedures by the defendant board of trustees, their actions would be governed by the procedures of the State Board of Education adopted in 1931.

However, the trial court, over objection, admitted in evidence the "School Code of Fair Practices", and by its instructions advised the jury that if the trustees of the district had not complied with its provisions, to find for the plaintiff. This theory of the case was based on language used by this court in the case of Murray v. Joint Class

B School District No. 181, 80 Idaho 84, 326 P.2d 67. In the Murray case, without discussion this court recognized that all parties were bound by the so-called "School Code of Fair Practices." The record in that case shows such code had been adopted by the local board. The statement in the Murray case inferring such "School Code of Fair Practices" has been officially adopted by the State Board of Education was unnecessary to that decision, and must be disregarded. Such inferential holding is hereby overruled.

■ It was error for the trial court to admit this "Code of Fair Practices" in evidence without proof of its adoption by the district prior to the cancellation of Dodson's contract. This error was compounded by the court's instructions based on such code.

■ The defendants were entitled to have the jury determine whether defendants had breached the contract of employment by the dismissal of Dodson in the manner in which it was done; consequently this case must be remanded for new trial. On a new trial the jury must determine whether the plaintiff breached his contract of employment by his actions, and whether, if they find such a breach by the plaintiff, the defendants reasonably complied with the regulations of the State Board of Education and statutes of the State pertaining to dismissal of a teacher, as required under the contract of employment.

Judgment reversed and cause remanded for new trial.

Costs to appellants.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.