481 P.2d 316

John HEINE, Plaintiff-Appellant,

v.

SCHOOL DISTRICT NO. 271, Coeur D'Alene, Idaho, and State of Idaho, acting by and through its duly elected Superintendent of Public Instruction, D. F. Engelking, Leo Reiman, Coeur D'Alene Education Association, Idaho Education Association and National Education Association, Defendants-Respondents.

No. 10278.

Supreme Court of Idaho.

Feb. 24, 1971.

John Heine, pro se.

William D. McFarland, Coeur d'Alene, for appellees.

PER CURIAM.

This is an appeal from a judgment of the district court, sitting without a jury, dismissing the plaintiff's (appellant herein) claim on grounds of insufficient evidence. John Heine, a school teacher, instituted suit in district court claiming in essence:

(1) that he taught school in District No. 271 from September, 1963, until Christmas but then was wrongfully discharged by the School District.

(2) The State Department of Public Instruction has wrongfully refused to certify him as an elementary school teacher.

(3) All of the defendants have conspired against and defrauded him in his right to be employed.

A trial was had and the district court dismissed the case as to the State of Idaho, State Board of Education and D. F. Engelking, State Superintendent of Public Instruction, since service of process was not effectively completed upon these parties. At the conclusion of plaintiff's case, upon motions properly made, the court dismissed plaintiff's complaint against the Coeur d'Alene Education Association, Idaho Education Association, National Education Association and Leo Reiman. Subsequent to trial, the district court dismissed appellant's second claim on the ground that pursuant

to I.C. § 33–1201 [1] the State Board of Education is the only administrative board authorized to issue a teaching certificate and that it was not made a party to the lawsuit and thus the claim could not be decided by the court. In regard to appellant's third claim (conspiracy to prevent his employment) the trial court found "there was a complete lack of evidence" regarding the agreement or conspiracy and therefore dismissed this claim also.

Addressing itself to appellant's first claim, viz., wrongful discharge, the trial court held that the evidence preponderated in favor of the following findings:

That plaintiff was offered and accepted a teaching position with the school district conditioned on three things:

(a) taking additional history courses;

(b) registering a valid teaching certificate properly endorsed by the State Board of Education with the school district;

(c) that appellant sign a written contract to teach.

The court found that the appellant did take the required additional history courses but that no teaching certificate was ever filed with the school district and that no teaching contract was ever signed by the appellant although the written contract was prepared and signed by the school district.

Appellant in essence assigns these findings of the trial court as error claiming that they are not supported by substantial and competent evidence. A careful and thorough examination of the record which includes a Clerk's Transcript, Reporter's Transcript, various motions made by appellant, affidavits and exhibits, has been made by this Court. In undertaking this task the Court is required to apply the basic requirement that findings of fact made by the trial court if supported by substantial and competent evidence, even though conflicting, will not be disturbed by the Supreme Court on appeal. Conley v. Amalgamated Sugar Co., 74 Idaho 416, 263 P. 2d 705 (1953); Hawe v. Hawe, 89 Idaho 367, 406 P.2d 106 (1965).

Pursuant to I.C. § 33–513(1), the board of trustees of a school district has the power

"1. To employ professional personnel, on written contract in form approved by the state board of education, conditioned upon a valid certificate being held by such professional personnel at the time of entering upon the duties thereunder. * * *."

From the record it appears that appellant was offered a teaching position by the school district but that appellant never signed a written contract although the same was tendered to him and he never presented a valid teaching certificate. However, appellant did commence teaching in September, 1963. In December the appellant was advised that he would have to register his teaching certificate and sign the contract if he desired to be paid. He continued to teach up to Christmas vacation but failed to return to his teaching duties after the Christmas vacation. A school district has the power to discharge certificated professional personnel for continued violation of any lawful rules or regulations of the board of trustees. I.C. § 33–513(3). A review of the record in this case substantially supports the findings

---

1. I.C. § 33–1201 states:
"*Certificate required.*—Every person who is employed to serve in any elementary or secondary school in the capacity of teacher, supervisor, administrator, education specialist, school nurse or school librarian shall be required to have and to hold a certificate issued under authority of the state board of education, valid for the service being rendered; except that the state board of education may authorize endorsement for use in Idaho, for not more than five (5) years, certificates valid in other states when the qualifications therefor are not lower than those required for an Idaho certificate.

No certificate shall be required of a student attending any teacher training institution, who shall serve as a practice teacher in a classroom under the supervision of a certificated teacher, and who has been approved as a practice teacher by the state board of education."

of the trial court and under these circumstances we are bound by its findings of fact.

Appellant also claims that there was a conspiracy against him and his right to be employed as a school teacher. The district judge found there was a complete lack of evidence in regard to this issue. We have searched the record in detail and find no error in the trial court's finding.

Appellant further claims that the trial court erred by refusing to make D. F. Engelking a defendant after appellant had served him a summons. The record indicates that appellant did make an attempt to make service of process upon D. F. Engelking. However, D. F. Engelking testified that he had never been personally served with summons. This Court finds that the findings of the trial court were supported by substantial and competent evidence, even though conflicting, and therefore, such findings will not be disturbed on appeal.

Appellant raises other issues on appeal which were not presented to the trial court. This Court in its appellate capacity cannot properly consider these issues which were not litigated at trial. Williams v. Boise Basin Mining & Dev. Co., 11 Idaho 233, 81 P. 646 (1905); Neer v. Safeway Stores, 92 Idaho 361, 442 P.2d 771 (1968).

Judgment affirmed. Costs to respondents.