596 P.2d 436

**JoAnn ROBINSON, Plaintiff-Appellant,**

v.

**JOINT SCHOOL DISTRICT # 150, Defendant-Respondent.**

No. 12593.

Supreme Court of Idaho.

June 14, 1979.

Byron J. Johnson, Boise, Kenneth E. Lyon, Jr., Pocatello, for plaintiff-appellant.

Wallace M. Transtrum, Soda Springs, for defendant-respondent.

BISTLINE, Justice.

The underlying issue here is the extent to which the statutory provisions affecting teachers' contracts become integrated into the contract itself. The ultimate question which we decide is whether JoAnn Robinson, a grade school teacher in Soda Springs, Idaho, for almost seven years and by I.C. § 33–1212 thus vested with the right to an "automatic renewal of contract," was entitled to go to a trial because of the manner in which she was terminated from her teacher's position.

On December 10, 1974, she received a letter from her principal stating that in view of certain observed problems he had no alternative but to place her on probation until April 15, 1975. "At that time," the letter continued, "we will review your progress and make a decision as to your continuing employment." The letter suggested several persons that Mrs. Robinson could consult for advice on how to become a more effective teacher. The principal apparently met with her once during the Christmas vacation. The district superintendent visited her classroom once in January of 1975, and the principal visited on March 13. Six days later, on March 19, 1975, the superintendent notified her that the board of trustees would not renew her contract for the coming year. The reasons given for nonrenewal were: (1) an inability to communicate with parents; (2) parents did not want their children in her classroom; and (3) recurring pressure on the board. Mrs. Robinson requested and received a hearing before the board on May 13. The board affirmed the decision and she was not rehired.

Thereafter, on August 11th, Mrs. Robinson brought suit in district court against the district. The complaint was dismissed for failure to state a claim on April 26, 1976. She amended, seeking reinstatement for the ensuing 1976–77 school term, back pay for the 1975–76 school term, and reasonable attorneys' fees. She alleged that by declining to renew her contract the board violated her rights because, among other reasons: (1) the board failed to comply with statutory provisions; and (2) the board did not have adequate and sufficient evidence to find "just and reasonable cause not to renew the contract" as required by I.C. § 33–1215.

The School District moved for dismissal of the amended complaint for failure to state a claim for relief, and alternatively for summary judgment. At the time of the hearing on this motion the court had before it two affidavits of Mrs. Robinson, the official School District file on Mrs. Robinson which included pertinent correspondence concerning this matter, the tape and transcript of the hearing before the board, and the district's policy handbook. In a memorandum decision the district court dismissed the action for failure to state an actionable claim. It is apparent, however, that the court may have considered that he was

granting summary judgment on the basis of lack of triable issues of fact, and the applicable law favoring the School District. His decision stated that "The *record* adequately demonstrates that the School Board *proceeded in accordance with the particular statutes involved*, namely, . . . Sec. 33–1212, etc." Having thus decided against plaintiff's claims of statutory procedural violations, the remainder of the complaint was dismissed on this rationale:

A School Board is by statute vested with certain powers and duties and obviously certain matters are discretionary with the Board. Neither counsel could furnish the Court with any citation of authority which authorizes the District Court to review the discretionary conduct of the School Board, and certainly in the absence of allegations of arbitrary or capricious conduct, it would seem the Court has no such authority. It is noted that plaintiff's attorney asked leave to amend by alleging arbitrary or capricious conduct which said Motion was denied as being untimely.

In district court proceedings the plaintiff stated, as she does here, that she was not seeking either mandamus or injunctive relief, but proceeding on a breach of contract theory. The district court found no actionable claim stated or presented, so ruling on the premise that her contract had simply "expired" at the end of the school year. Regardless of whether her claim alleged, and her affidavit demonstrated, "arbitrary and capricious" action by the board, we hold that the amended complaint stated an actionable claim for a breach of her contract and there were triable issues of fact.

The School District in its brief filed in this Court concedes that a teacher who has been employed for over three years is statutorily entitled to renewal of her contract. The School District further agrees that this right is a property interest, and one which can be terminated only by compliance with the prescribed statutory procedures. The School District contends that the right is not also contractual. There we must disagree.

■ This Court has held that "it is axiomatic that extant law is written into and made a part of every written contract." *Fidelity Trust Co. v. State*, 72 Idaho 137, 237 P.2d 1058 (1951). *See also Long v. Owen*, 21 Idaho 243, 121 P. 99 (1912). It appears to be the law in almost every state, if not all, that existing law becomes part of a contract, just as though the contract contains an express provision to that effect (unless a contrary intent is disclosed). 17 Am.Jur.2d *Contracts* § 257 (1964).

A number of courts have expressly applied this rule to contracts involving teachers. *Heckley v. Board of Education of Oakland Unified School District*, 53 Cal.2d 218, 1 Cal.Rptr. 4, 347 P.2d 4 (1959); *Rible v. Hughes*, 24 Cal.2d 437, 150 P.2d 455 (1944); *Fry v. Board of Education*, 17 Cal.2d 753, 112 P.2d 229 (1941); *Board of Education of Richmond School District v. Mathews*, 149 Cal.App. 265, 308 P.2d 449 (1957); *Sawin v. Town of Winslow*, 253 A.2d 694 (Me.1969); *Cords v. Window Rock School District No. 8, Apache Co.*, 22 Ariz.App. 233, 526 P.2d 757 (1974); *Carlson v. School District No. 6 of Maricopa Co.*, 12 Ariz.App. 179, 468 P.2d 944 (1970); *Heifner v. Board of Education of Morris Community High School District No. 101*, 32 Ill.App.3d 83, 335 N.E.2d 600 (1975); *County School Board of Spotsylvania v. McConnell*, 215 Va. 603, 212 S.E.2d 264 (1975).

■ Other courts have applied the rule specifically to renewable contract or tenure cases, holding that such statutory rights are embodied and implicitly included in a teacher's contract. *Madison County Board of Education v. Wigley*, 288 Ala. 202, 259 So.2d 233 (1972); *Board of School Commissioners v. Hahn*, 246 Ala. 662, 22 So.2d 91 (1945); *Julesburg School District No. RE–1 v. Ebke*, 562 P.2d 419 (Colo.1977); *Maxey v. Jefferson County School District No. R–1*, 158 Colo. 583, 408 P.2d 970 (1965); *Perry v. Independent School District No. 696*, 297 Minn. 197, 210 N.W.2d 283 (1973); *Minnesota Association of Public Schools v. Hanson*, 287 Minn. 415, 178 N.W.2d 846 (1970); *Birdwell v. Hazelwood School District*, 352 F.Supp. 613 (E.D.Mo.1972), aff'd 491 F.2d

490 (8th Cir. 1974); *Thomas v. Ward*, 374 F.Supp. 206 (M.D.N.C.1974). *See also Redman v. Department of Education*, 519 P.2d 760 (Alaska 1974), and *Kacsur v. Board of Trustees of South Whittier Elementary School District*, 18 Cal.2d 586, 116 P.2d 593 (1941).[1] It is true that Mrs. Robinson's last contract by its provisions covered a definite term, and in a sense, except for the statutory renewal provisions, would expire at the termination date. In actuality, however, by application of the statutory law, the contract together with the statute is better called a "continuing contract," such being the language used in *Powell v. Board of Trustees of Crook County School District No. 1*, 550 P.2d 1112 (Wyo.1976), where the court there held that such contracts can only be terminated by the school district for cause. We must note that the letter sent Mrs. Robinson by the principal used similar terminology, "continuing employment."

Under I.C. 33–1212, a qualifying teacher has "the right to automatic renewal of contract by giving notice, in writing, of acceptance of renewal." Mrs. Robinson's service of over three full years of continuous employment by the same school district conferred upon her the right of automatic renewal as part and parcel of her contract. Unless the statutory procedures were properly followed, the failure to renew her contract was a breach of that continuing contract.[2]

The determinative issue requires our review of the district court's holding as a matter of law that the board complied with the statutory provisions specifying the manner for terminating a continuing contract teacher. Under the relevant provisions, as they existed at relevant times,[3] a continuing contract teacher could not be terminated without first being afforded a probationary period. The duration of the period was to be set in a written notice from the district board of trustees in which the teacher was to be advised of the reasons for imposing the probation together with "provisions for adequate supervision and evaluation of the person's performance." I.C. § 33–1212. Following probation, if the board determined not to renew the teacher's contract, a further written notice to that effect was required, giving reasons of just and reasonable cause. I.C. § 33–1213. Provisions existed for a hearing at a teacher's request, after which the board would render a written decision which would state the existence of just and reasonable cause not to renew, and the reasons for that determination. I.C. § 33–1215.

Some but not all of these requirements were met. The notice of probation was that of the principal, not that of the board. The statute clearly appears to make imposition of probation a board decision. While it might be argued that the board could delegate this function, no such contention has been advanced that it could be done. The record also fails to show that the board

---

1. The *Kacsur* case found the right "not contractual except in the broad sense of being annexed by operation of law to the contract." 116 P.2d at 596. The *Redman* case reached the same effective result by stating that although an expired contract could not be the basis of an action for damages, the teacher could enforce the statutory right to be given a new contract and then sue for breach of *that* contract.

2. That Mrs. Robinson might also have pursued other avenues of relief does not preclude her from relying on a contract theory. *Julesburg School District No. RE–1 v. Ebke, supra.* In *Ferguson v. Board of Trustees of Bonner County School Dist. No. 82*, 98 Idaho 359, 564 P.2d 971 (1977) relief was sought in mandamus. In *Heine v. School Dist. No. 271*, 94 Idaho 85, 481 P.2d 316 (1971), a complaint alleging wrongful discharge and conspiracy to defraud of the

right to be employed was sufficient to gain an entree into court. But in *Dodson v. Stroschien*, 83 Idaho 454, 364 P.2d 881 (1961), the claim was for breach of contract and damages for discharge. All of these concerned discharge *during* the contract term rather than failure to renew, but we do not see the distinction as important. To hold, as the district urges upon us, that there is no claim for relief on the basis that the contract "expired" would perhaps provide a school district with an inequitable escape from liability by merely "declining to renew" rather than "terminating." As we read the statutes, in either event justification for the action taken is required. *Powell, supra.*

3. The statutes were amended in 1973 and 1978. The 1978 changes were minor.

made the written decision as required by I.C. § 33–1215.[4]

■ These non-compliances with the statutory procedure are clear. In short, on this summary judgment record before us, it is seen that Mrs. Robinson was not placed on probation by an official authorized to make that decision; without explanation the probation was cut short; the supervision contemplated by the statute appears to have been perfunctorily carried out; and the board's written decision giving the reasons constituting cause not to renew her contract was not forthcoming as required by statute.

Evidencing the board's apparent confusion as to its function, the letter sent to Mrs. Robinson allowed Mrs. Robinson an *informal* review under I.C. § 33–513, which section, however, deals with personnel who have not attained renewable contract status.

■ In a summary judgment proceeding the defendant district was not entitled to dismissal where it cannot be said as a matter of law that her dismissal was not a breach of the terms and conditions of her continuing contract. *See Buckalew v. City of Grangeville*, 97 Idaho 168, 540 P.2d 1347 (1975).

The complaint states a claim for relief and triable issues of fact do exist, for which reasons the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion. Costs to appellant.

McFADDEN, DONALDSON and BAKES, JJ., concur.

SHEPARD, Chief Justice, concurring and dissenting.

I concur in the reversal of the district court's dismissal of the plaintiff's cause, but I dissent from major portions of the majority's analysis.

As a preliminary matter, I disagree with the characterization of Mrs. Robinson's teaching contract as a "continuing contract." The court in *Powell v. Bd. of Trustees of Crook County School Dist. No. 1*, 550 P.2d 1112 (Wyo.1976), from which the term "continuing contract" was drawn, was dealing with a set of teacher employment statutes which are markedly different from our own. Under Wyoming law, once a teacher has taught the requisite number of years, he or she becomes a "continuing contract teacher" who is to be "employed by each school district on a continuing basis year to year *without annual contract renewal*." Wyoming Statutes § 21–7–104 (Emphasis added.) Our statutes, on the other hand, provide that once a teacher has taught for three years, upon the signing of a contract for a fourth full year, that teacher is "placed on a *renewable* contract status." I.C. § 33–1212. (Emphasis added.) This is not an idle distinction but presents a matter of legal significance. Since, as the majority correctly notes, every contract made with a teacher includes by implication any statutory provision in effect upon signing, it would appear that in Wyoming their legislature granted the teachers an indefinite contract which binds the local school district beyond the current year. Under U.S. constitutional law, this indefinite contract between the teachers and the state could not be altered by subsequent legislative enactments without constituting an impairment of con-

4. I.C. § 33–1215 provided:

Termination of employment or reduction of salary—Hearing and review.—Each certificated employee who receives a notice as provided in section 33–1213, Idaho Code, shall, upon request filed with the board of trustees within thirty (30) days thereafter, be granted a hearing before the board, said hearing to be held not more than fifteen (15) days following the request therefor. The employee may present evidence, examine any person who may have spoken against his character or competence and be represented by legal counsel and/or by a representative of the local or state teachers association. The board of trustees may also examine witnesses and be represented by counsel. The board shall render a decision, in writing, within fifteen (15) days following the hearing stating whether the board finds that there is just and reasonable cause for its determination not to renew the contract or to reduce the salary of the certificated person who requested the hearing, and if so, what reasons it relies upon in that determination.

tracts. *Indiana ex rel. Anderson v. Brand*, 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685 (1938). Our statutes, however, specifically declare that a teacher is merely conferred a "status." This entitles him or her to automatic renewal of his or her contract each year *if* he or she receives notice from the local board of his or her right of renewal *and if* the teacher gives notice of his or her acceptance of renewal. I.C. § 33–1212. Since the board is not bound for more than the current school year and the teacher has assumed no obligation to remain beyond that same term, the legislature would be free to alter our teacher employment statutes without running afoul of the Constitution. See *Phelps v. Bd. of Educ. of West New York*, 300 U.S. 319, 57 S.Ct. 483, 81 L.Ed. 674 (1937). Thus, I conclude that the term "continuing contract" is not only inappropriate under our annual renewal statutes, but could needlessly fetter our legislature and this Court in the future. *See Indiana ex rel. Anderson v. Brand, supra.*

As noted, each year the board of trustees of each school district must notify the appropriate teachers of their right to automatic contract renewal, and these teachers must in turn notify the board of their intention to return. The board is not obligated by law, however, to extend that annual offer of renewal. The board may, instead, resolve to terminate the employee for cause and give notice accordingly. I.C. §§ 33–1212, 33–1213, 33–1215. Mrs. Robinson's major complaint, which forms the basis of the majority opinion, is that her employment contract was breached because of a failure to comply with the statutory procedure applicable to her dismissal. It would appear that four perceived deviations from the statutory procedure are being relied upon to reverse the lower court: (1) that Mrs. Robinson was not placed on probation by the official authorized to make that decision; (2) her probation was inexplicably cut short; (3) her supervision was perfunctory; and (4) the board failed to issue a written decision stating the reasons constituting cause for dismissal. It seems to me that only the fourth reason is sufficient to warrant reversal.

The record reveals that Mrs. Robinson received notice of her probation from her principal who had received authority to so act from the district's superintendent. I note that under I.C. § 33–513(2) the superintendent is made "the executive officer of the board" and "the authorized representative of the district." It seems clear to me that this statute creates an agency relationship between the superintendent and the trustees as a matter of law. *See Yanzick v. Bd. of Trustees of School Dist. No. 23, Lake County*, 582 P.2d 338 (Mont.1978). That being so, I perceive nothing improper in the superintendent delegating to the principal the purely ministerial act of supplying Mrs. Robinson with notice of her probationary status. *See School Dist. No. 4, Lincoln County v. Colburg*, 169 Mont. 368, 547 P.2d 84 (1976). Moreover, since the principal would most likely be the person to oversee her probation, it makes administrative sense. Most attacks upon the sufficiency of notice given by one other than the statutorily authorized person have met with little success. 68 Am.Jur.2d, Schools, § 187. This attack should meet a similar fate.

The assertions that Mrs. Robinson's probationary period was cut short without explanation and that her supervision was perfunctory may be dealt with more summarily. While I.C. § 33–1212 provides that a teacher on renewal contract status is entitled to a probationary period prior to a decision of termination, no where is the length of that period specified. We must assume, then, that the law will imply a reasonable period. It is for the trier of fact to decide whether the school district reasonably complied with statutes relating to dismissal. *See Dodson v. Stroschien*, 83 Idaho 454, 364 P.2d 881 (1961). Since Mrs. Robinson was on probation for over three months, I would hold that there was sufficient evidence to support the trial court's finding of compliance with the statute. This is particularly appropriate since the school district was compelled by statute to cut short the probationary period originally specified so they could give notice of intent not to renew by April 1, as required by I.C. § 33–

1213. As to the "perfunctory" supervision, I would again defer to the trial court's factual determination of statutory compliance.

In my opinion, the fourth basis for reversal relied upon by the majority is the determinative one. I agree with the court in *Kruse v. Bd. of Directors of Lamoni Community*, 231 N.W.2d 626, 634 (Iowa 1975), that the

"legislative purpose of this requirement is to afford the teacher an opportunity to successfully argue his dismissal was arbitrary and capricious if he can prove that each of the stated reasons underlying his dismissal is trivial, is wholly unsupported by a basis in fact, or is unrelated to the educational process or to the working relationships with the educational institute or his contemplated dismissal is based upon any impermissible constitutional reasons, such as race, religion, or the assertion of rights guaranteed by law or the constitution."

Since the board of trustees has been entrusted by the legislature with power to ascertain when cause for dismissal exists, it is essential that they render their reasons for termination so that a reviewing court is prevented from substituting its judgment for that of the school board's. *See Morey v. School Board of Independent School Dist. No. 492, Austin Public Schools*, 268 Minn. 110, 128 N.W.2d 302 (1964); 68 Am.Jur.2d, Schools, § 200.

As noted, I concur with the majority's decision to reverse the lower court. However, I believe that little guidance has been provided to the trial court as to what actions would be considered "in accordance" with the majority opinion. It is not clear from our current law what the trial court should do in the face of deviations from statutorily prescribed procedures. Our statutes do not grant to the teacher a new contract, merely because the procedures were not followed. *See Sanchez v. Bd. of Educ. of the Town of Belen*, 68 N.M. 440, 362 P.2d 979 (1961); *Stapleton v. Huff*, 50 N.M. 208, 173 P.2d 612 (1946). Unless circumstances demonstrate a blatant disregard of due process, the integrity of the school board's administrative process dictates that where there have been procedural defects, the proper remedy is to remand the proceeding to the board for proper procedural disposition. *See Dept. of Educ. v. Oxford Area School Dist.*, 24 Pa.Cmwlth. 421, 356 A.2d 857 (1976); *Shorba v. Shiro Amioka*, 54 Haw. 43, 501 P.2d 807 (1972); *White v. Bd. of Educ.*, 54 Haw. 10, 82, 501 P.2d 358 (1972); *Bd. of School Trustees of the Gunning Bedford Jr. School Dist. No. 53 v. O'Brien*, 190 A.2d 23 (Del.1963); *Sanchez v. Bd. of Educ. of the Town of Belen, supra.* Once the school board has corrected its errors, the district court will have an adequate basis to ascertain whether Mrs. Robinson was indeed discharged for cause, or whether she would be entitled to contract damages.