[S. F. No. 20276.   In Bank.   Dec. 8, 1959.]

ANNE R. HECKLEY, Appellant, v. BOARD OF EDUCA-
TION OF THE OAKLAND UNIFIED SCHOOL DIS-
TRICT et al., Respondents.

Arthur Lyle Robson and Wegner & Robson for Appellant.

J. F. Coakley, District Attorney, R. Robert Hunter, Chief
Assistant District Attorney, and Richard H. Klipper, Deputy
District Attorney, for Respondents.

Irving G. Breyer, as Amicus Curiae on behalf of Re-
spondents.

McCOMB, J.—Petitioner appeals from an order of the Superior Court of Alameda County denying an application for a writ of mandate directing respondent board of education to issue a warrant to her in the sum of $765.74.

Petitioner, a schoolteacher, applied for employment with respondent district for the spring semester of the 1954-1955 school year. She was offered employment which required teaching a full day. This employment she refused, and she requested and received a position requiring her to teach only one half day (morning kindergarten session from 9 a. m. to 12 noon). For this service she was paid $934.26, or one half of one half of the district's regular annual salary schedule, on the basis that she taught one half of the school day for one half of the school year.

The governing board of respondent district had fixed the length of the school day for full-time teachers within the district from 8:45 a. m. to 3:30 p. m. In respondent district and in the school in which petitioner was teaching, a number of 180-minute kindergarten classes were instructed in both morning and afternoon sessions.

Question: *Does a schoolteacher who has refused a position teaching a full day, as fixed by the board of education (8:45 a. m. to 3:30 p. m.), but who at her own request is employed to teach only a morning session kindergarten class (9 a. m. to 12 noon) in a school district in which kindergarten classes are held both mornings and afternoons, qualify as a full-time employee under section 13842 of the Education Code and thus become entitled to the salary specified therein?*

*No.* The first paragraph of section 6, article IX, of the California Constitution reads: "Each person, other than a substitute employee, employed by a school district as a teacher or in any other position requiring certification qualifications shall be paid a salary which shall be at the rate of an annual salary of not less than $2,400 for a person serving full time, as defined by law."

At the times herein involved, section 13842 of the Education Code read:* "The governing board of each school district shall pay to each person employed in a day school of the district for full time in a position requiring certification qualification and serving under other than an emergency or pro-

---

*All Education Code sections hereinafter mentioned are quoted and referred to as they read during the school year 1954-1955, the period during which petitioner was employed by respondent district.

visional credential an annual salary of not less than three thousand four hundred dollars ($3,400).

"The governing board of each school district shall pay to each person employed for less than full time in a position requiring certification qualifications and serving under other than an emergency or provisional credential an annual salary of not less than an amount which bears the same ratio to three thousand four hundred dollars ($3,400) as the time required of the person bears to the time required of a person employed full time.

"Full time means not less than the minimum school day for each day the schools of the district are maintained during the school year.

"The provisions of this section shall not be construed as applying to substitute employees of a school district."

Section 6813 of the Education Code read: "The minimum school day for pupils in kindergartens is 180 minutes, inclusive of recesses except that if a school district maintains two kindergarten classes on the same day which are taught by the same teacher, the minimum school day for each of such classes shall be 130 minutes inclusive of recesses."

The second paragraph of section 13842 quoted above provides for a proportionate payment of the minimum full-time salary to be paid to a teacher employed for less than full time. The third paragraph of said section, defining "full time," refers to "each day the schools of the district are maintained."

Section 6802 of the Education Code reads: "The governing board of each school district shall, subject to the provisions of this chapter, fix the length of the school day for the several grades and classes of the schools *maintained* by the district." (Italics added.) Respondent district maintained both morning and afternoon kindergarten sessions as part of its regular curriculum, pursuant to the above-quoted code section.

Section 13201 of the Education Code reads: "The governing board of each school district shall fix and prescribe the duties to be performed by all persons in public school service in the school district."

Complying with the above-quoted code sections, respondent district enacted rules and regulations fixing and prescribing duties to be performed by persons employed by the district in full-time positions. Such rules and regulations were in effect at the time petitioner made her contract with the district and were therefore a part of her employment

contract. (*Rible* v. *Hughes*, 24 Cal.2d 437, 443 [1] [150 P.2d 455, 154 A.L.R. 137]; *Fry* v. *Board of Education*, 17 Cal.2d 753, 760 [6] [112 P.2d 229]; *Board of Education* v. *Mathews*, 149 Cal.App.2d 265, 269 [1] [308 P.2d 449].)

In the instant case these rules provided that a full-time teacher was required to arrive at 8:45 a. m. and her teaching assignment was completed at 3:30 p. m., except on days of faculty, provisional, or instructional meetings, on which the teacher's day was lengthened. It follows that petitioner, by accepting her part-time contract, waived the provisions of section 6813 of the Education Code, fixing the minimum school day for kindergarten pupils at 180 minutes, and section 13842, fixing the minimum salary, and agreed to the rules and regulations which respondent district had adopted fixing and prescribing the time and duties for full-time positions. By her agreement she became a part-time teacher and entitled only to the salary which respondent district paid her, to wit, one half of the district's full-time salary, as compensation for her performance of one half the district's full-time service.

The order is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., Peters, J., and White, J. concurred.

Appellant's petition for a rehearing was denied December 30, 1959.