[Civ. No. 16882. Fourth Dist., Div. One. Sept. 18, 1979.]

JACQUELINE L. WINSLOW, Plaintiff and Appellant, v.
SAN DIEGO COMMUNITY COLLEGE DISTRICT et al., Defendants
and Appellants.

32

COUNSEL

Asaro & Keagy, Frank L. Asaro and Charles F. Campbell for Plaintiff and Appellant.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, Judith M. Copeland and Phillip L. Kossy, Deputy County Counsel, for Defendants and Appellants.

OPINION

FOCHT, J.*—Plaintiff Jacqueline L. Winslow (herein called Winslow) petitioned for a writ of mandate directed to the San Diego Community College District and its governing personnel (herein called the District). In her petition she sought classification as a tenured part-time teaching employee and a determination of salary differential due her from the date of acquisition of such status. The matter proceeded to trial on the additional claim of Winslow that her full-time employment since the spring of the 1974-1975 school year should count toward the acquisition of full-time permanent tenure and entitle her to a higher rate of compensation than that received.

The trial court entered judgment determining that Winslow was entitled to be classified as a part-time regular (permanent) employee as to 35 percent of a full-time assignment and that she was entitled to $10,574 in back pay with interest. That amount was based upon the difference between what she was actually paid as a temporary employee and what she would have been paid had she been compensated on the contract salary schedule at the appropriate class and step commencing with 1973-1974 school year for the first 35 percent of her annual work assignment. The judgment also awarded her all employee rights of regular full-time employees to the extent of 35 percent of a full-time work load. Both sides appeal.

The District seeks reversal of that portion of the judgment determining that Winslow is entitled to be paid at a contract salary rate rather than at an hourly rate. It also appeals from the judgment insofar as it affords to

*Assigned by the Chairperson of the Judicial Council.

Winslow employee rights of regular employees of the district to the extent of 35 percent of a full-time work load.

In her cross-appeal Winslow appeals from that portion of the judgment which limits her status as a regular employee to 35 percent of a full-time teaching position and specifying any excess of work time above such percentage to be as a temporary employee. She also seeks in her appeal reclassification as a full-time regular teacher based on the longevity of her teaching service and the nature of such service, together with back pay for all service since the 1973-1974 school year at the level of a regular contract employee in the arts and sciences curriculum.

Commencing with the 1963-1964 school year and continuing through the 1976-1977 school year Winslow was annually reemployed by the District in teaching positions requiring certification which she, in fact, possessed. She was first employed as a substitute teacher. In the 1965-1966 school year and thereafter she was employed and classified as a part-time temporary certificated employee. For this part-time service she was compensated at an annually adopted hourly rate schedule applicable to all temporary part-time employees. A separate salary schedule determines the compensation for full-time probationary or tenured employees.

In the school years 1974-1975 through 1976-1977 Winslow was employed on a full-time basis which employment was funded by the Federal Comprehensive Employment and Training Act (CETA). Such employment is referred to as "categorically funded service" and is authorized by section 13329 of the California Education Code.[1]

It was stipulated by the parties that any claim to back salary prior to the 1973-1974 school year was barred by the statute of limitations. The parties also stipulated as follows: " 'Petitioner, (MRS. WINSLOW) is entitled to classification as a regular (permanent) certificated employee with at least 35% of a full-time teaching assignment by reason of the fact that Petitioner performed services as a certificated employee of the DISTRICT prior to the 1967-1968 school year and acquired such rights pursuant to the decision of the court in *Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821; 114 Cal.Rptr. 589.' "

---

[1]All statutory references herein will be to the Education Code as its sections were numbered prior to its reorganization which became operative April 30, 1977.

The *Balen* case to which the above stipulation refers was concerned with the status of teachers who had achieved probationary status prior to the enactment in 1967 of section 13337.5. This section allows a college to hire long-term temporary teachers without conferring tenure upon them. The case refused to give retroactive effect to the section and held that inasmuch as Balen had acquired tenured probationary status prior to the effective date of section 13337.5 (and other pertinent sections enacted at the same time) he achieved tenure equivalent to the percentage his maximum prior work time bore to a full-time assignment.

In the case at bench Winslow had maximum work time of 35 percent of a full-time assignment prior to the 1967 legislation and could not be divested of tenure based on that percentage.

The District, while conceding that Winslow has acquired tenure status as to 35 percent of a full-time assignment, urges tenure status merely guarantees the tenured employee the right of continued employment. The status of being tenured, contends the District, has no bearing on an employee's right to compensation at a particular rate nor to other employee rights of regular employees.

Winslow in turn contends she is entitled to pro rata pay based upon the pay scale of her full-time counterparts not only for the stipulated 35 percent of work time but also for all work time at the rate specified in the appropriate contract salary scale rather than at the rate provided for temporary employees.

The recent decision of the California Supreme Court in the case of *Peralta Federation of Teachers* v. *Peralta Community College Dist.,* 24 Cal.3d 369 [155 Cal.Rptr. 679, 595 P.2d 113], resolves the above contentions in Winslow's favor. Those portions of the decision which support Winslow's contentions rely upon the law as previously established in *Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821 and the mandate of section 13503.1.

Section 13503.1 requires pro rata pay for part-time regular or contract employees who are certificated. Winslow had attained contract (probationary) status which survived the passage of section 13337.5. Pursuant to section 13346.25, which became effective in 1972, she acquired part-time regular (permanent) status in the 1974-1975 school year. Such status was acquired pursuant to the provisions of the Education Code by contract.

employees who were employed under a second consecutive contract subsequent to 1972. The following quotation from *Peralta Federation of Teachers* v. *Peralta Community College Dist., supra,* 24 Cal.3d 369, 377-378, is pertinent to the instant case:

" 'Section 13346.25, effective in 1972, provides that if a contract (probationary) employee is employed under his second consecutive contract, the governing board has two options: to employ him as a regular employee for all subsequent academic years or not to employ him as a regular employee. But in the case of a contract (probationary) employee, the district's right to do this is limited by the requirement of section 13443 that notice of nonemployment be given with the reasons stated. It would not be sufficient reason, under *Balen,* to declare that the employment had been temporary only, no matter what the teacher's contract might say [citation] because these teachers had attained contract status before 13337.5 was enacted. In the case of contract (probationary) teachers, the decision not to reemploy must be based on "thoughtful, deliberate, and individual consideration." [Citation.] These teachers were simply regarded as "temporaries" and were not afforded the prescribed decision.

" 'But was it still required that a part-time pre-1967 contract employee serve 75 percent of the hours under section 13328.5 in order to qualify for reemployment under the new (1972) section 13346.25 as a regular part-time employee in the absence of a decision of the board, supported by a valid reason, not to reemploy? It is concluded that the 75 percent requirement of 13328.5 does not apply to these pre-1967 employees; that the provisions of the later section 13346.25 take precedence. We agree with an opinion of the Attorney General to the effect that, although section 13328.5 remains on the books, it has been rendered meaningless, at least insofar as the acquisition of tenure is concerned. (58 Ops. Cal.Atty. Gen. 703 (1975).) The pre-1967 teachers must be classified as part-time regular employees as of July 1, 1974 (this date is in accordance with section 25490.20, subd. (b)).' "

The *Peralta Federation of Teachers* case held that part-time regular or contract employees are entitled to pro rata pay based on the comparable rates of their full-time counterparts. The holding of the trial court herein that the back pay entitlement of Winslow is to be based upon a bifurcated employee classification, part permanent and part temporary, cannot be sustained.

■ We turn to Winslow's contention that her full-time teaching in the CETA program, commencing with the 1974-1975 school year, should count toward the acquisition of full-time regular tenure under section 13348.05. That section provides in substance that an assignment of a part-time regular employee to worktime in excess of 75 percent or more of the full college year will change the employee's classification to full-time regular employee if such assignment is made for two consecutive academic years. Winslow had attained part-time regular status when she commenced her full-time employment in the spring semester of the 1974-1975 school year.

The trial court ruled that Winslow's employment under the CETA program did not count toward the acquisition of full-time regular tenure. Its ruling was based upon the wording of section 13329. That section provides as follows: "*Employment of credentialed instructors under contract in categorically funded projects of indeterminate duration; attainment of permanent status.*

"The governing board of any school district may employ persons possessing an appropriate credential as instructors in classes conducted under contract with public or private agencies, or other categorically funded projects of indeterminate duration. The terms and conditions under which such persons are employed shall be mutually agreed upon by the employee and the governing board and such agreement shall be reduced to writing. Service pursuant to this section shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee of a school district unless (1) such person has served pursuant to this section, for at least 75 percent of the number of days the regular schools of the district by which he is employed are maintained, and (2) such person is subsequently employed as a probationary employee in a position requiring certification qualifications. Such persons may be employed for periods which are less than a full school year and may be terminated at the expiration of the contract or specially funded project without regard to other requirements of this code respecting the termination of probationary or permanent employees.

"This section shall not be construed to apply to any regularly credentialed teacher who has been employed to teach in the regular educational programs of the school district as a probationary employee before being subsequently assigned to any one of these programs."

Winslow has obtained probationary status which ripened into regular status. The second paragraph, in excluding probationary employees from the impact of the first paragraph, a fortiori must be deemed to exclude regular employees. However, the trial court ruled the second paragraph of the section did not apply to Winslow because she was not *assigned* to the CETA program but voluntarily elected to accept such employment.

We disagree with this interpretation. Such a construction is contrary to the obvious statutory intent of section 13329 and places a strained construction upon one word in its text. The clear import of the statute is to exclude from its application any credentialed teacher who had previously attained probationary or regular tenured status. Its intent is to prevent a person from acquiring probationary status solely through teaching in a categorically funded program. This permits the hiring of qualified persons for categorically funded programs of undetermined duration without incurring responsibility to grant tenured status based on such teaching services alone. Under our interpretation of the statute, section 13329 does not act as a bar to the acquisition of further tenure by a person who has already acquired tenure prior to such person's employment with the CETA program. We decline to attach the significance to the word "assigned" that was ascribed by the trial court.

■ The remaining issue relates to Winslow's claim she is entitled to compensation at a higher level than that specified in her contract during her full-time employment by the District. At the time of this employment she held a master's degree. We set forth in the following paragraph pertinent facts supported by the record and found by the trial court.

The District adopts anually a uniform salary schedule called the "College Teacher's Salary Schedule." Under the schedule a teacher who holds a master's degree has the right to be compensated for his services in the vocational curriculum at the contract rate applicable to arts and sciences teachers. Winslow was required as a condition of her full-time employment to sign a document entitled "Vocational Instructors Right of Election" wherein she waived salary placement as an "academic instructor." At the time she signed the right of election she had no knowledge she was entitled to permanent status, nor that she was entitled to a contract by virtue of said permanent status. She was also ignorant of the fact that under the rules of the college teacher's salary schedule she had a right to be paid at the contract rate for arts and science teachers if offered a contract, because she held a master's degree. She was not informed by

the representatives of the District of these entitlements at the time she signed the right of election and the contract of employment under the CETA program.

The classification Winslow was given under the contract placed her at a different class and lower step than that to which she was entitled by virtue of her years of prior service and her master's degree. This resulted in a substantially lower rate of compensation than otherwise would have been her due. The trial court concluded that her compensation was fixed by the contract in compliance with section 13329, the terms of which were held to apply to her.

The Education Code (§§ 13502 and 13506) requires the governing bodies of districts to adopt salary schedules setting forth the compensation to be paid certificated employees. The College Teacher's Salary Schedule mentioned, *ante,* was so adopted. Section 13338.1 provides: "Except as provided in Sections 13406 and 13448, [not pertinent herein] any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter or any part thereof is null and void." This section prohibits the waiver of statutory salary rights. (*Campbell* v. *Graham-Armstrong,* 9 Cal.3d 482 [107 Cal.Rptr. 777, 509 P.2d 689]; *Peralta Federation of Teachers* v. *Peralta Community College Dist., supra,* 24 Cal.3d 369.) We hold that the "Vocational Instructors Right of Election" in purporting to deny Winslow her right to elect to be compensated under the arts and science salary rate was contrary to law.

The case of *Vittal* v. *Long Beach Unified Sch. Dist.,* 8 Cal.App.3d 112 [87 Cal.Rptr. 319], is cited by the District as authority for the proposition that a teacher by contracting with a school district for a specified salary, may waive his right to a higher salary. The opinion in that case did not consider the effect of section 13338.1 and appears to be out of line with the position taken by the Supreme Court in *Campbell* and *Peralta, supra.*

In view of our holding as herein set forth Winslow is entitled to additional compensation representing the differential between what she was paid under her contracts for the school years 1974-1975, 1975-1976 and 1976-1977 and what she would have been entitled to under the class and step categories as specified in the findings of fact of the trial court (findings 26, 29 and 30).

The judgment is reversed and remanded with directions to the superior court to issue a writ of mandate ordering defendants to classify petitioner

and award her back pay in accordance with our holding herein. She shall also be awarded all employee rights of regular full-time employees of the district. Petitioner is entitled to interest on the additional compensation due her.

Cologne, Acting P. J., and Staniforth, J., concurred.

The petition of defendants and appellants for a hearing by the Supreme Court was denied December 20, 1979.