[No. B073757. Second Dist., Div. Seven. May 11, 1994.]

UNITED TEACHERS—LOS ANGELES, Petitioner and Appellant, v. LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

COUNSEL

Lawrence B. Trygstad and Richard J. Schwab for Petitioner and Appellant.

Howard Friedman for Defendants and Respondents.

OPINION

JOHNSON, J.—Petitioner, the United Teachers—Los Angeles union, sought a writ of mandate in the superior court to compel respondents, Los Angeles Unified School District, Board of Education of the Los Angeles Unified School District and Irene Yamahara, associate superintendent of personnel, to grant part-time status to eligible employees pursuant to regulations adopted by respondents and incorporated into the parties' collective bargaining agreement. The trial court found the wording of the regulations was not in compliance with certain mandatory provisions of the Education Code and concluded it could not compel performance of noncomplying regulations. Although the court agreed with petitioner's arguments, it denied the writ without prejudice to allow petitioner to refile its petition.

The resolution of this case is controlled by certain mandatory provisions of the Education Code. Section 44924 of the Education Code provides any contract or agreement which purports to waive an employee's rights under that chapter of the Education Code is null and void. Consequently we conclude those regulations in the collective bargaining agreement which

purport to govern the parties' part-time employment program, but which are contrary to provisions in the Education Code, are null and void under Education Code section 44924. In addition, because the conflicting regulations of the collective bargaining agreement are directly contrary to the mandatory requirements of Education Code sections 44922 and 22724 governing such part-time programs, the contrary regulations are superseded by the appropriate provisions of sections 44922 and 22724. We therefore reverse the judgment of the trial court which denied petitioner's writ of mandate and remand with directions to grant the writ as prayed.

### FACTS AND PROCEEDINGS BELOW

Education Code sections 22724 and 44922 provide a school board, governing board of a school district or county superintendent of schools, may establish regulations whereby certain eligible employees may reduce their work schedule to part-time without loss of retirement or other benefits.[1] While such a part-time program is permissive under the statutes, once a school district adopts such a plan, the statutes require certain minimum provisions be included in every part-time program.

In 1989, and long after the effective dates of sections 22724 and 44922, petitioner and respondents entered into a collective bargaining agreement which included regulations for this type of part-time program. The collective bargaining agreement specified: "This reduced workload leave is granted pursuant to Education Code Sections 22724 and 44922. . . ."

However, the agreement failed to include two regulations which the statutes mandate in every such program. Specifically, the statutes require part-time status be available for a 10-year maximum period and further require "[t]he option of part-time employment shall be exercised at the request of the employee and can be revoked only with the mutual consent of the employer and the employee." (§ 44922, subd. (d); see also § 22724, subd. (a) [identical language].) The collective bargaining agreement in this case, however, only provided for a five-year maximum period and specified grants of part-time status were discretionary with the district. Nevertheless, requests for part-time status for eligible employees were apparently routinely granted.[2] For reasons not made apparent in the record, at some point respondents stopped granting part-time status under the regulations. In response, petitioner sought a writ of mandate to compel respondents to grant

---

[1] Unless otherwise indicated, all further statutory references are to the Education Code and to sections in effect at the time of the litigation in this case.

[2] At the hearing on the petition, respondents declined to concede they had in fact adopted a part-time leave program. However, article XII, section 22.0 of the collective bargaining agreement is clear evidence respondents adopted such a program.

That section of the collective bargaining agreement is denominated "Reduced Workload Leave" and, with the two noted exceptions, tracks the language of sections 22724 and 44922

part-time status to those eligible employees who wished to exercise their option under the agreement.

At the hearing on the petition the trial court indicated it could not grant the petition as worded because the regulations adopted by respondents were not in strict compliance with the statutes. The court indicated its belief the regulations would require modification before there could be a "clear and present" right to relief. (Code Civ. Proc., § 1085; *Fair* v. *Fountain Valley School Dist.* (1979) 90 Cal.App.3d 180, 186 [153 Cal.Rptr. 56].)

The court pointed out section 44924 rendered null and void any contractual provision which purported to waive an employee's benefits under the code. The court then stated it was denying the writ "as requested" and "without prejudice" to allow petitioner to refile its petition. The court's action was presumably to allow petitioner to instead request a writ to compel respondents to conform the part-time program's regulations to the controlling statutes.

Petitioner appealed from the denial of the writ of mandate.[3]

in every respect. Moreover, this section of the collective bargaining agreement unambiguously states: "This reduced workload leave is granted pursuant to Education Code Sections 22724 and 44922. . . ." (§ 22.1.)

Thus, any argument respondents did not adopt a part-time leave program pursuant to sections 22724 and 44922 would be disingenuous at best.

[3]Neither party has raised the issue whether the court's denial of the petition for writ of mandate without prejudice was an appealable order. However, "since the question of appealability goes to our jurisdiction, we are bound to consider it on our own motion." (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720] [court considered merits of appeal due to extraordinary circumstances although order appealed from was not appealable].)

In this case the trial court denied the petition without prejudice to allow petitioner to refile to instead request a writ of mandamus to compel respondents to modify the regulations to comply with the mandatory statutory provisions.

However, petitioner's application for extraordinary relief was legally sufficient to grant the requested relief of compelling respondents to grant the requests for part-time leave in compliance with section 44922. As we later discuss, the mandatory provisions of this section were in effect at the time the parties entered into their collective bargaining agreement. As a result, these statutory terms became part of respondents' part-time leave program as a matter of law. (1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts § 692, p. 625 and cases cited.) These mandatory provisions, in turn, superseded the conflicting and illegal language of the parties' collective bargaining agreement. Consequently, to require the filing of a new petition would have been an unnecessary and useless act. (Civ. Code, § 3532.)

Because the petition based its request for relief on the clear and mandatory language of the controlling statutes, no further action or order on the petition was necessary. For this reason the order denying the petition without prejudice was nevertheless an appealable judgment. (Code Civ. Proc, § 904.1, subd. (a)(1); *Steen* v. *Board of Civil Service Com'rs.* (1945) 26 Cal.2d 716, 727 [160 P.2d 816]; *Covina-Azusa Fire Fighters Union* v. *City of Azusa* (1978) 81

## DISCUSSION

I. *Although Adoption of a Part-Time Program Is Discretionary, Once Such a Program Is Adopted, Certain Regulations Become Part of the Program by Operation of Law.*

There is no requirement a school district adopt regulations for a part-time leave program. Sections 44922 and 22724 make adoption of such a plan permissive. However, whenever a district decides to adopt regulations to implement such a plan, the statutes mandate certain regulations which must be part of any such program.

Section 44922, dealing with certificated employment, provides:

"Notwithstanding any other provision, the governing board of a school district or a county superintendent of schools *may establish regulations* which allow their certificated employees to reduce their workload from full-time to part-time duties.

"*The regulations shall include,* but shall not be limited to, *the following,* if the employees wish to reduce their workload and maintain retirement benefits pursuant to Section 22724 of this code or Section 20815 of the Government Code:

"(a) The employee shall have reached the age of 55 prior to reduction in workload.

"(b) The employee shall have been employed full time in a position requiring certification for at least 10 years of which the immediately preceding five years were full-time employment.

"(c) During the period immediately preceding a request for a reduction in workload, the employee shall have been employed full time in a position requiring certification for a total of at least five years without a break in service. For purposes of this subdivision, sabbaticals and other approved leaves of absence shall not constitute a break in service. Time spent on a sabbatical or other approved leave of absence shall not be used in computing the five-year full-time service requirement prescribed by this subdivision.

Cal.App.3d 48, 56 [146 Cal.Rptr.155]; *California Teachers Assn.* v. *Board of Education* (1980) 109 Cal.App.3d 738 [167 Cal.Rptr. 429]; cf. *Gibson* v. *Savings & Loan Commissioner* (1970) 6 Cal.App.3d 269 [85 Cal.Rptr. 799].)

"(d) *The option of part-time employment shall be exercised at the request of the employee and can be revoked only with the mutual consent of the employer and the employee.*

"(e) The employee shall be paid a salary which is the pro rata share of the salary he or she would be earning had he or she not elected to exercise the option of part-time employment but shall retain all other rights and benefits for which he or she makes the payments that would be required if he or she remained in full-time employment.

"The employee shall receive health benefits as provided in Section 53201 of the Government Code in the same manner as a full-time employee.

"(f) The minimum part-time employment shall be the equivalent of one-half of the number of days of service required by the employee's contract of employment during his or her final year of service in a full-time position.

"(g) This option is limited in prekindergarten through grade 12 to certificated employees who do not hold positions with salaries above that of a school principal.

"(h) The period of this part-time employment shall not exceed five years for employees subject to Section 20815 of the Government Code *or 10 years for employees subject to Section 22724 of this code.*

"(i) The period of part-time employment of employees subject of Section 20815 of the Government Code shall not extend beyond the end of the school year during which the employee reaches his or her 70th birthday. This subdivision shall not apply to any employee subject to Section 22724 of this code." (Italics added.)

Section 22724 is in that part of the Education Code which deals with the State Teachers' Retirement System. Its provisions are virtually identical to those of section 44922.

 Thus, section 44922 specifies that while adoption of a part-time program may initially be a matter of discretion with the district, once such a plan is adopted, the official body has no discretion to alter regulations the statutes make mandatory. In other words, once respondents adopted regulations to allow for part-time employment, they had no authority to make the program purely discretionary. Instead the regulations had to specify the option of choosing to participate in the program rested with the employee

and that such right could not be revoked except upon the mutual consent of the employer and employee. (§ 44922, subd. (d); see also § 22724, subd. (a).)

In addition, section 44922 mandates part-time status may continue for a period of up to 10 years, and not the 5 years provided in respondents' regulations.

These mandatory statutory provisions were in effect at the time the parties entered into the agreement. Moreover, the agreement expressly incorporates by reference the mandatory regulations of sections 22724 and 44922. As a result, the statutory regulations providing for a maximum 10-year term and for the option of part-time status to rest with the employee became part of respondents' reduced workload leave program as a matter of law. (See, e.g., *Calpetro Producers Syndicate* v. *Chas. M. Woods Co.* (1929) 206 Cal. 246, 252 [274 P. 65]; 1 Witkin, Summary of Cal. Law, *op. cit. supra*, Contracts, § 692, p. 625 ["All applicable laws and ordinances in existence when the agreement is made become a part thereof as fully as if incorporated by reference."].)

In sum, because respondents adopted a part-time program as evidenced by the parties' collective bargaining agreement, the mandatory regulations of section 44922 were part of the agreement as a matter of law, unless these benefits were waived by the employees in the collective bargaining agreement.

II. *Section 44924 Provides Employees May Not Waive the Benefits of 44922, Consequently the Mandatory Provisions of Section 44922 Granting Employees Additional Benefits Prevail Over Conflicting Regulations in the Parties' Collective Bargaining Agreement.*

█ Respondents contend petitioner waived its rights under the statutes by agreeing to a part-time program which was discretionary with the district and which was limited to a maximum of five years. Alternatively, respondents contend petitioner should be estopped to deny it waived the additional benefits of section 44922 by agreeing to the legally deficient regulations of the collective bargaining agreement. However, section 44924 does not permit waiver of the benefits conferred by section 44922.

Section 44924 provides, with certain exceptions not here applicable, ". . . any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter or any part thereof is null and void." To complement this provision, section 3540 of the Government Code, regarding

collective bargaining for school district employees, provides: "This chapter shall not supersede other provisions of the Education Code."

The right to a 10-year rather than a 5-year program and the right to have the option of part-time employment rest with the eligible employee rather than with respondents, were benefits conferred on the employees by section 44922 and were made nonwaivable by section 44924.

 Thus, we hold the regulations in the parties' collective bargaining agreement providing for grants of part-time status to be discretionary with respondents and providing for a maximum length of five years are contrary to law and therefore superseded by the mandatory provisions of section 44922.

The history of section 44924 begins with the Supreme Court decision in *Heckley* v. *Board of Education* (1959) 53 Cal.2d 218 [1 Cal.Rptr. 4, 347 P.2d 4]. In that case the Supreme Court found the statutory scheme provided for payment of a full-time salary to a one-session kindergarten teacher. However the court held the teacher in that case, by accepting her part-time contract, waived the statutory provisions guaranteeing a full-time salary.

In *Campbell* v. *Graham-Armstrong* (1973) 9 Cal.3d 482 [107 Cal.Rptr. 777, 509 P.2d 689], the Supreme Court noted shortly after the *Heckley* decision, the Legislature enacted the precursor to section 44924 to abrogate the holding of that case. (9 Cal.3d at p. 487.) Thus, in *Campbell* the court held the plaintiffs did not waive their right to full-time pay by agreeing to teach only one session of kindergarten at part-time salaries. (*Id.* at p. 486.)

 Section 44924 has consistently been employed to render null and void conflicting contractual provisions and to essentially reform the contract or agreement to comply with the requirements of the controlling statutes. "[I]nstructors are bound by the terms of their employment contracts. This is so when there is no statutory provision to the contrary. But it is not so in the face of statutory specification." (*Peralta Federation of Teachers* v. *Peralta Community College Dist.* (1979) 24 Cal.3d 369, 386 [155 Cal.Rptr. 679, 595 P.2d 113]; see also *Winslow* v. *San Diego Community College Dist.* (1979) 97 Cal.App.3d 30, 38-39 [158 Cal.Rptr. 509] [contract provision purporting to deny a teacher the right to be paid at a higher level for which she was qualified contrary to law]; *California Teachers' Assn.* v. *Parlier Unified School Dist.* (1984) 157 Cal.App.3d 174, 184 [204 Cal.Rptr. 20] [". . . if there is a conflict between the Government Code provisions regarding collective bargaining powers and Education Code sections creating nonwaivable rights, the Education Code prevails."]; *California Teachers Assn.* v. *Governing Board* (1991) 229 Cal.App.3d 695, 704-705 [280 Cal.Rptr. 286]

[section 44924 prohibits deviations from the Education Code which would grant fewer rather than greater benefits to teachers].)

It is therefore not necessary in this case to declare the entire contract void, but only those regulations in the collective bargaining agreement which directly contradict the otherwise clear statutory mandate.

Moreover, public policy considerations counsel liberal enforcement of section 44924. In addition to issues of equity and fairness, one of the purposes of section 44924 is uniformity of treatment in the education system statewide. As explained in the concurring opinion in *Campbell* v. *Graham-Armstrong, supra,* 9 Cal.3d 482, ". . . the Education Code which encompasses section [44924] represents an extensive legislative effort at imposing state-wide educational standards on local school districts. ' "[T]he Legislature [has] enjoined on [governing boards], within reasonable limits, the principle of uniformity of treatment . . . for those performing like services with like experience. . . . While it is true that the relation between the [governing board] and a teacher is that of employer and employee, and that this relationship is created by contract, the terms of [the] contract are to be found in the authority granted the [governing board] by law." ' (*Fry* v. *Board of Education* (1941) 17 Cal.2d 753, 757, 760 [112 P.2d 229].) . . . . Section [44924] should thus be accorded a liberal construction in keeping with the legislative policy of insuring 'uniformity of treatment' of teachers by governing boards. [¶] Statutorily enforced 'uniformity of treatment' of teachers is a step towards fulfillment of this court's call for state-wide 'uniformity of treatment' of pupils. (*Serrano* v. *Priest* (1971) 5 Cal.3d 584 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].)" (*Campbell* v. *Graham-Armstrong, supra,* 9 Cal.3d at pp. 492 (conc. opn. of Wright, C. J.).)

In sum, we hold because respondents adopted a program for part-time leave for eligible employees its program had to include the mandatory regulations of section 44922. We also hold the regulations in the program respondents adopted which conflicted with the mandatory regulations specified in section 44922 were rendered null and void by operation of section 44924 as being contrary to law.[4]

---

[4]The petition in this case was not an attempt to enforce compliance with the collective bargaining agreement but with the controlling statutes. Consequently petitioner was not required to exhaust administrative remedies before seeking equitable relief in the trial court. " 'Moreover, it has been held that the rule requiring exhaustion of administrative remedies is subject to exception if the petitioner knows what the agency's determination will be.' " (*Peralta Federation of Teachers* v. *Peralta Community College Dist., supra,* 24 Cal.3d at p. 387.)

Here respondents refused to grant part-time leave and even insinuated in the trial court it had not adopted regulations for such a plan but only a "framework" for adoption of

Accordingly, pursuant to section 44922 respondents have a clear and present duty to grant requests from eligible employees who desire to participate in respondents' part-time leave program and the writ should have issued in this case. (Code Civ. Proc., § 1085; *Fair* v. *Fountain Valley School District, supra,* 90 Cal.App.3d at p. 186.)

## DISPOSITION

The judgment is reversed and remanded to the trial court with directions to grant the petition as prayed. Petitioner to recover its costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

A petition for a rehearing was denied June 2, 1994, and respondents' petition for review by the Supreme Court was denied August 11, 1994.

---

regulations. Under these circumstances petitioner would not be compelled to first exhaust its administrative remedies.