Filed 11/3/21  All Youth Detained etc. v. Superior Court CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ALL YOUTH DETAINED IN JUVENILE HALLS AND CAMPS IN LOS ANGELES COUNTY,<br><br>      Plaintiffs and Appellants,<br><br>      v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>      Defendant and Respondent;<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA et al.,<br><br>      Real Parties in Interest and Respondents. | B306642<br><br>(Los Angeles County Super. Ct. No. JW2020-01) |

APPEAL from an order of the Superior Court of Los Angeles County, D. Brett Bianco, Judge.  Affirmed.

Sean K. Kennedy for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Ivie McNeill Wyatt Purcell & Diggs and Rodney S. Diggs for Real Parties in Interest and Respondents.

\* \* \* \* \* \*

Plaintiffs and appellants All Youth Detained In Juvenile Halls and Camps in Los Angeles County (appellants) appeal from the trial court's order denying without prejudice their petition for writ of mandate seeking the release of certain categories of detained youth because the Los Angeles Superior Court—Juvenile Division failed to adequately protect them from COVID-19, in violation of due process. We affirm the trial court's order.

## PROCEDURAL HISTORY

On April 15, 2020, appellants filed a petition for writ of mandate contending the Los Angeles Superior Court—Juvenile Division's COVID-19 procedures failed to adequately protect detained juveniles, in violation of their due process rights. The writ sought "immediate release of certain categories of youth in confinement; expedited review and presumptive release of all other youth; a presumptive prohibition on all new admissions into juvenile halls; a prohibition on transfers into all juvenile camps and county jails; and safety and health precautions consistent with protocols issued by the Center on Disease Control to prevent and contain COVID-19 infection." Appellants' petition was supported by numerous declarations, including declarations by attorneys who represent detained juveniles.

On April 22, 2020, the California Supreme Court issued an order transferring the petition to this court, with directions to issue an order to show cause (OSC) returnable before the Los Angeles Superior Court, addressing "whether juveniles detained in Los Angeles County juvenile facilities are being denied due process under the Fourteenth Amendment by being held in conditions that could subject them to contracting the COVID-19 virus and, if so, what remedies can be lawfully ordered." The Supreme Court deemed the People of the State of California and the County of Los Angeles to be the real parties in interest. This court issued the OSC on April 22, 2020.

On May 5, 2020, real party in interest the Los Angeles County Probation Department (the County) filed its return, supported by declarations describing measures taken to implement COVID-19 guidelines promulgated by the Center for Disease Control (CDC) and the Los Angeles County Department of Public Health (DPH). The Los Angeles County District Attorney's Office, on behalf of the People of the State of California, also filed its return on May 5, 2020, neither admitting nor denying the factual allegations of the writ.

On May 7, 2020, appellants filed a traverse denying the allegations of both returns. Appellants specifically denied that the County had adequately implemented CDC and DPH guidelines and also disputed whether the County had implemented social distancing guidelines, provided adequate sanitation with antiviral disinfectants, and provided adequate access to soap, hand sanitizer, and facial coverings. Appellants' traverse was supported by declarations by Cyn Yamashiro, directing attorney of the Independent Juvenile Defender Program of the Los Angeles County Bar Association (IJDP); by Jerod

3

Gunsberg, a private attorney who accepts court appointments in juvenile delinquency proceedings through IJDP; and by Sean Kennedy, executive director of the Center for Juvenile Law and Policy at Loyola Law School, Los Angeles, among others.

At the May 11, 2020 hearing on the petition, the trial court stated that it had read and considered all the documents filed by the parties. Counsel for appellants called to the trial court's attention two outstanding subpoenas that appellants had served on the County. The subpoenas, which were served on May 1, sought administrative records regarding detained youth and COVID-19, with a requested return date of May 5th. The trial court thanked counsel for raising the issue and stated that the subpoenas could be addressed "at the appropriate time."

After concluding her opening argument, counsel for appellants stated: "Petitioners submit that the court can avoid an evidentiary hearing if the matter can be resolved without disputed facts. We know enough here to establish that young people are being held in conditions that subjects them to the risk of COVID-19, and therefore they are being denied due process under the Fourteenth Amendment. [¶] . . . But should this court find that there are disputed facts that are relevant to resolving this issue then we believe we are entitled to a hearing—an evidentiary hearing." At the conclusion of the hearing, the trial court agreed that a further evidentiary hearing was unnecessary: ". . . I do agree with [appellants' counsel] that the court does have before it enough information both in the declaration and pleadings and the argument before the court that it wouldn't be necessary in this case to hold a further evidentiary hearing, and so the court does take this matter under submission."

On May 12, 2020, the trial court issued a written order denying the petition for writ of mandate, concluding that appellants "failed to carry their burden of proving facts entitling them to relief by a preponderance of the evidence." The court noted that none of appellants' supporting declarations offered first-hand observations or knowledge about conditions and protocols at juvenile detention facilities and consisted largely of inadmissible hearsay. The trial court further noted that "[t]he issuance of an order to show cause afforded petitioners the opportunity to present additional evidence in support of the truth of the allegations in the petition" but "[r]ather than present specific facts and competent evidence in support of their allegations that conditions and enforcement were deficient, petitioners largely continued to rely on the general, hearsay statements offered in the Yashiro and Kennedy declarations. As noted, their statements provided insufficient details surrounding clients who felt at risk or the circumstances of any particular facility's failures."

The trial court also concluded that appellants failed to identify "objective criteria for determining what safeguards the County could put in place in detention facilities that would satisfy the requirements of Fourteenth Amendment due process. Even if the Court were to assume that immediate compliance with the CDC's current interim guidelines would be required, the guidelines provide for considerable discretion on the part of government agencies to implement protocols under the specific circumstances of facilities and individuals in detainment."

This appeal followed.

5

## DISCUSSION

### I.     Appealability

We requested supplemental briefing from the parties as to whether the trial court's denial of the petition for writ of mandate without prejudice was an appealable order.  The question of appealability goes to our jurisdiction. (*Olson v. Cory* (1983) 35 Cal.3d 390, 398; *United Teachers–L.A. v. Los Angeles Unified School Dist.* (1994) 24 Cal.App.4th 1510, 1514 (*United Teachers–L.A.*).)

We conclude the order denying the petition for writ of mandate is an appealable order, notwithstanding the trial court's characterization of its order as a denial "without prejudice." (*Steen v. Board of Civil Service Commrs.* (1945) 26 Cal.2d 716, 727-728 (*Steen*) [order denying petition for writ of mandate "without prejudice" was appealable]; *United Teachers–L.A., supra*, 24 Cal.App.4th at pp. 1514-1515 [same].)  The trial court ruled that appellants failed to sustain their burden of proving facts entitling them to relief by a preponderance of the evidence. That was a decision on the merits.  There is no indication in the record that any further proceedings were contemplated.  Rather the trial court's order was a simple denial of a petition and a final appealable order.  (See *Steen*, at pp. 727-728.)

### II.     Applicable law and standard of review

"In a petition for writ of mandate brought pursuant to Code of Civil Procedure section 1085, . . . the petitioner bears the burden of pleading and proving the facts on which the claim for relief is based." (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1153.)  The Supreme Court's order directing the issuance of an OSC signified the high court's preliminary determination that appellants made a prima

facie statement of specific facts, which, if established, would entitle them to relief.  (See *In re Serrano* (1995) 10 Cal.4th 447, 454-455.)  Issuance of the order to show cause did not shift the burden of proof from appellants to the County.  (*MacLeod v. Long* (1930) 110 Cal.App. 334, 339.)

Upon issuance of the OSC, the response to the OSC is the return, which must allege facts contradicting the basis of the petitioner's claim, and when appropriate, provide documentary evidence, affidavits, or other materials that enable the court to determine which issues are in dispute.  An appellate court must uphold the trial court's factual findings if they are supported by substantial evidence.  Legal issues are subject to de novo review. (*Schmid v. City and County of San Francisco* (2021) 60 Cal.App.5th 470, 485.)

We reject appellants' argument that de novo review applies to this appeal.  Their reliance on decisions concerning writs of habeas corpus as support for their position are inapposite.

## III. Evidentiary hearing

Appellants' sole basis for challenging the order denying their petition for writ of mandate is the trial court's purported refusal to hold an evidentiary hearing, despite the existence of disputed material facts.

A party is "not . . . entitled to an evidentiary hearing as a matter of right."  (*People v. Avila* (2006) 38 Cal.4th 491, 604.) Instead, and as appellants' counsel acknowledged to the trial court, an evidentiary hearing is warranted "only when the [trial] court concludes [one] is 'necessary to resolve material, disputed issues of fact.'"  (*Ibid.*, quoting *People v. Hedgecock* (1990) 51 Cal.3d 395, 415.)

7

Under this standard, the trial court did not err in declining to hold an evidentiary hearing. That is because appellants did not present any admissible evidence regarding the conditions inside the juvenile facilities. Instead, they presented affidavits from the lawyers representing the juveniles, relaying what the juveniles told them about those conditions. "[H]earsay is not sufficient to trigger the court's duty" to convene an evidentiary hearing because, without competent evidence, there is no squarely presented factual dispute to resolve. (*People v. Carter* (2003) 30 Cal.4th 1166, 1216-1217.) The trial court did not err in declining to hold an evidentiary hearing regarding those conditions, which appellants argue on appeal is the factual dispute that needed to be resolved.

Appellants assert that our Supreme Court's order that an OSC be issued entitled them to an evidentiary hearing. It did not. An OSC "indicates the issuing court's *preliminary assessment* that the petitioner would be entitled to relief if his factual allegations are proven." (*People v. Duvall* (1995) 9 Cal.4th 464, 475.) It does not constitute that any evidence submitted along with those allegations is admissible or that an evidentiary hearing is warranted; indeed, it is not possible to know whether there are any factual disputes justifying an evidentiary hearing when an OSC issues because the responding party has yet to respond (and hence to dispute any facts competently set forth in the evidence supporting the petition). (*Id.* at p. 478 ["When, after considering the return and the traverse, the court finds material facts in dispute, it may appoint a referee and order an evidentiary hearing be held."].)

8

**DISPOSITION**

The order denying the petition for writ of mandate is affirmed. Respondents shall recover their costs on appeal.


_____

CHAVEZ, J.

We concur:


_____

LUI, P. J.


_____

HOFFSTADT, J.