Filed 9/6/22  P. v. Medeiros CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F083978 |
| Petitioner and Respondent, | (Super. Ct. No. 17CR-02846B) |
| v. | |
| RICHARD ALAN MEDEIROS, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  David W. Moranda, Judge.

John F. Shuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

Defendant Richard Alan Medeiros pled no contest to attempted murder and admitted gang and firearm enhancements. Defendant was 20 years of age at the time he committed the offense. He was sentenced to a total term of 23 years in prison. Roughly two- and one-half years later, defendant requested a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), to create a record of the features of his youth that contributed to the commission of his offense for use at an eventual youth offender parole hearing. The trial court denied the motion without prejudice. Defendant argues that decision was an abuse of discretion. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On May 31, 2017, the grand jury of Merced County returned an indictment, charging defendant with attempted murder (Pen. Code, §§ 664/187, subd. (a);[1] count 1), shooting at an occupied motor vehicle (§ 246; count 2), and possession of a firearm by a person prohibited from possessing a firearm (§ 29820, subd. (b); count 4). As to count 1, the indictment further alleged defendant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(5)), and personally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d), (e)(1)(A)). As to count 2, the indictment also alleged defendant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(4)(B)), and personally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d), (e)(1)(A)).

On April 30, 2019, pursuant to a negotiated plea agreement, defendant pled no contest to count 1 and admitted the lesser gang (§ 186.22, subd. (b)(1)(C)) and firearm (§ 12022.5) enhancements. In exchange, all remaining counts and allegations were dismissed, and the plea agreement specified a 23-year term of imprisonment.

---

[1]     All statutory references are to the Penal Code.

On June 13, 2019, the trial court sentenced defendant to the agreed-upon term of 23 years in prison as follows:  on count 1, 9 years (the upper term), plus a four-year (the middle term) firearm enhancement, plus a 10-year gang enhancement.

On December 20, 2021, defendant filed a request for a *Franklin* hearing.

On January 21, 2022, the trial court denied defendant's request without prejudice.

On February 23, 2022, defendant filed a notice of appeal.

## DISCUSSION[2]

### I.  Additional Background and Parties' Arguments

Defendant's December 20, 2021 request for a *Franklin* hearing asserted that at the time of his sentencing he "did not forgo any special hearing to determine his youth, diminished culpability, and related mitigating factors."  It further argued that defendant "was not privileged to receive a hearing weighing in on his youth."  As his requested remedy, defendant sought a *Franklin* hearing.

The trial court issued a written order explaining its denial of defendant's request for a *Franklin* hearing.  The court acknowledged defendant's right to present mitigating youth-related evidence as set out in *Franklin* more than three years prior to defendant's sentencing.  The court reasoned that defendant's right to present mitigating youth-related evidence before his sentence became final was not infringed upon.  Defendant "merely failed to exercise his right."  The trial court further acknowledged that our Supreme Court has " 'held that a juvenile offender whose conviction and sentence are final may file a motion under section 1203.01 for the purpose of making a record of mitigating youth-related evidence. (*In re Cook* (2019) 7 Cal.5th 439, 446–447 … (*Cook*).)' "  The trial court denied defendant's request "without prejudice to [defendant] filing a motion for a *Franklin* proceeding under the authority of section 1203.01 and *Cook*."  In short, the trial

---

**2**    Because defendant raises only postconviction, sentencing-related issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

court concluded that defendant's motion failed insofar as it argued that he had been *denied* an opportunity to present evidence at a *Franklin* hearing, but also recognized that a pathway existed for defendant to seek a *Franklin* hearing despite his failure to seek such a hearing prior to the finality of his case.

Defendant argues that the trial court abused its discretion in denying his request for a *Franklin* hearing. Specifically, defendant contends that he met all the requirements for a *Franklin* hearing, but the trial court denied his motion "on a mere technicality" rather than construing the request as properly filed under section 1203.01 and *Cook*. The People respond (1) defendant's appeal should be dismissed since the denial without prejudice did not constitute an appealable order because it was "not a final order" and therefore did not impact defendant's substantial rights (§ 1237, subd. (b)), and (2) the trial court's denial of defendant's request was not an abuse of discretion because it properly addressed the arguments presented in defendant's request, denied the request, and afforded defendant "the opportunity to perfect his motion to seek the proper remedy."

We agree with the People only as to their second argument.

## II.  Denial of Defendant's Request Was an Appealable Order

An appeal may be taken from the defendant in a criminal case from "any order made after judgment, affecting the substantial rights of the party."  (§ 1237, subd. (b).)

In this case, the trial court reached the merits of the request; it did not deny the request on a procedural technicality without reaching the merits. The trial court understood defendant's request for a *Franklin* hearing to be premised on a denial of the right to a *Franklin* hearing around the time of sentencing. That reading was reasonable from defendant's request. The trial court then decided that defendant had not been denied the right to present evidence, he had merely not exercised the right. Such an order is appealable, regardless of the trial court's characterization of it being "without prejudice." (*In re Lauren P.* (1996) 44 Cal.App.4th 763, 768; *Steen v. Board of Civil Service Comm'rs.* (1945) 26 Cal.2d 716, 727–728, [order denying petition for writ of

mandate " 'without prejudice' " was appealable]; *United Teachers—L.A. v. Los Angeles Unified School Dist.* (1994) 24 Cal.App.4th 1510, 1514–1515, fn. 3 [same]; *Guenter v. Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 465 [order denying class certification " 'without prejudice' " was appealable].)  The fact that the trial court suggested an alternate pathway for defendant to obtain the relief he sought did not change the nature of the trial court's denial of defendant's request on its merits.

### III.  The Trial Court Did Not Abuse Its Discretion

The parties agree, as do we, regarding the basic parameters of parole hearings for juvenile offenders and the *Franklin* hearing framework:  In 2014, the Legislature enacted law providing a parole eligibility mechanism for juvenile offenders.  (*Franklin*, *supra*, 63 Cal.4th at p. 277; § 3051.)  "[S]ection 3051 … requires the Board [of Parole Hearings] to conduct a 'youth offender parole hearing' during the 15th, 20th, or 25th year of a juvenile offender's incarceration.  [Citation.]  The date of the hearing depends on the offender's '[c]ontrolling offense,' which is defined as 'the offense or enhancement for which any sentencing court imposed the longest term of imprisonment.' "  "A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a determinate sentence shall be eligible for release on parole at a youth offender parole hearing during the person's 15th year of incarceration."  (§ 3051, subd. (b)(1).)

In *Franklin*, our Supreme Court held that a youth offender is entitled to a hearing where he could "place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Franklin*, *supra*, 63 Cal.4th at p. 284.)  Entitlement to such a hearing had been established by *Franklin* for more than three years when defendant was sentenced.

Our Supreme Court in *Cook*, *supra*, 7 Cal.5th at p. 451, clarified that inmates who are entitled to a youth offender parole hearing under section 3051 "may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final." It explained that "[n]othing about the remand[] in *Franklin* … was dependent on the nonfinal status of the juvenile offender's conviction[ ]" and section 3051 makes clear it is to apply retrospectively to all youthful offenders. (*Cook*, at p. 450.) "[T]he possibility that relevant evidence will be lost may increase as years go by… is no less true for offenders whose convictions are final on direct appeal." (*Ibid*.)

The *Cook* court outlined a mechanism for a youthful offender whose conviction was final to seek a *Franklin* hearing: file "a motion in [the] superior court under the original caption and case number, citing the authority of section 1203.01 and [the *Cook*] decision." (*Cook*, *supra*, 7 Cal.5th at p. 458.) It explained, that "[u]nder section 1203.01, the trial court may create a postjudgment record for the benefit of the Department of Corrections and Rehabilitation," and although the statute "does not mention a *Franklin* proceeding to preserve evidence" the court possesses the authority to adopt the procedure for this purpose. (*Id*. at pp. 452–454.)

In this case, defendant filed a request for a *Franklin* hearing and suggested that it was denied to him when his case was not yet final. The trial court could have taken the additional step of construing his request as a motion pursuant to section 1203.01 and *Cook*. It did not and it was not required to do so. Instead, it considered defendant's request on its face and denied defendant's request on its merits, finding that he was not denied an opportunity to present evidence prior to the finality of his case. It then explained the mechanism for seeking relief pursuant to section 1203.01 and *Cook*. The trial court's decision was not an abuse of discretion.

## DISPOSITION

The order is affirmed.