Filed 12/19/25  Tyson v. Tyson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ARON TYSON,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>KARIN TYSON et al.,<br><br>　　　　Defendants and Respondents. | A169953<br><br>(Alameda County<br>Super. Ct. No. RG21089962) |

Aron Tyson, representing himself, timely appeals from a February 5, 2024 signed minute order dismissing his civil complaint for "[p]roperty [d]amage" and "[l]oss of [u]se of [p]roperty" without prejudice to his ability to bring his claim in Probate Court.  No respondent's brief has been filed.

The trial court's order states:

"Matter is not reported [¶] 9:13 a.m. Court and Counsel are present in open court. [¶] Plaintiff is sworn.

"This matter was scheduled for trial.  Plaintiff filed a pro se Complaint against Defendants alleging a single cause of action for fraud.  No factual allegations were contained in the Complaint.  However, at the prior hearing, Plaintiff explained that the instant dispute concerns property, a duplex in Oakland, that belonged to his sister, Jeanette Tyson Anthony ('Jeanette').  In addition, Plaintiff indicated that there was there [*sic*] was a prior probate action concerning Jeanette's trust and the disposition of the duplex.

1

"As explained in Mozell v. Tyson, A148399, 2017 WL 1435722 (First. Dist., Div. 5, 4/24/2017) [the unpublished opinion on an appeal by another party in the probate case], Jeanette's trust left the duplex equally to her son Vincent Mozell and her niece Karin Tyson. The trust created a life estate for Albert Tyson ('Albert'), who is Ms. Tyson's brother, and a 5-year term estate to Andew Anthony, Jeanette's husband. Albert's life estate was conditioned upon paying Plaintiff Aron Tyson (Jeanette's other brother) the sum of $400 per month. Trustee could not sell the property until after the deaths of Albert and Aron.

"During the hearing, Plaintiff's counsel explained that Plaintiff is not claiming that he [has] any possessory interest in or right to the duplex. Rather, Plaintiff's position is that Plaintiff has not been paid $400 per month, as required by the trust and that he seeks to compel payment of that amount.

"After discussing the matter with counsel, the Court concluded that Plaintiff's claim is more appropriately brought in probate court because it is based on rights provided by the [*sic*] Jeanette's trust. Without objection, the Court dismissed the instant action without prejudice to Plaintiff's ability to bring his claim in Probate Court.

"The Court orders the Complaint filed by Tyson on 02/26/2021 dismissed without prejudice."

Tyson has filed a corrected opening brief arguing that the house was sold in the probate proceedings without his knowledge, thereby forfeiting his share of the estate, he received no proceeds from its sale, he was named as a John Doe in the probate proceedings but is not deceased and would like to explain his case to a judge because he would like his mother's house back.

We affirm the dismissal order.[1]  We are not unsympathetic to the concerns that Tyson expresses.  But we are required to presume that the trial court's ruling is correct, and it is Tyson's burden to affirmatively demonstrate an error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  To do this, he " 'must supply [us] with some cogent argument,' " and the argument must be " 'supported by legal analysis and citation to the record.' "  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.)  "Mere suggestions of error without supporting argument or authority . . . do not properly present grounds for appellate review."  (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078; accord, *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910.)  That is the case here.  Tyson's brief contains no discussion of the law and no legal argument.  We are not even clear what error he believes the court committed.

In addition, a party cannot challenge a ruling to which they raised no objection, and here the court's ruling says that it dismissed this case "without objection" (i.e., after conferring with Tyson's lawyer so that Tyson's claims may be brought in Probate Court).  " ' "The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an

---

[1]  The dismissal order is appealable despite having been entered "without prejudice."  Such a dismissal is a final appealable judgment if, as is clearly the case here, all that is meant by the court's use of "without prejudice" language is that the plaintiff is entitled to commence a *new* case.  (See *Steen v. Board of Civil Service Comm'rs* (1945) 26 Cal.2d 716, 728; see also, e.g., *In re Lauren P.* (1996) 44 Cal.App.4th 763, 767-768; *United Teachers-L.A. v. Los Angeles Unified School Dist.* (1994) 24 Cal.App.4th 1510, 1514, fn. 3.)

3

orderly and efficient administration of the law." [Citations.] Otherwise, opposing parties and trial courts would be deprived of opportunities to correct alleged errors, and parties and appellate courts would be required to deplete costly resources "to address purported errors which could have been rectified in the trial court had an objection been made." ' " (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799-800.) Since the record shows Tyson did not object to the dismissal without prejudice, he has forfeited arguments that the court should not have dismissed his case.

Finally, we note that Tyson was a party to the earlier probate case involving his sister's trust. The record does not indicate whether that probate case remains open or has been closed or whether Tyson has made any effort to file a complaint in that proceeding or, if necessary, seek to reopen the probate case for that purpose.

The request for judicial notice filed on April 16, 2025, that we previously took under submission is denied.

## DISPOSITION

The dismissal order is affirmed. Each party shall bear their own costs.

STEWART, P. J.


We concur.


MILLER, J.


DESAUTELS, J.


*Tyson v. Tyson et al.* (A169953)